**JEFFREY J. PROSSER, Appellant**
**v.**
**MARGARET S. PROSSER, Appellee**

Civ. App. No. 1995-0095

T. Ct. Fam. No. 210-1994

District Court of the Virgin Islands

Div. of St. Croix

December 5, 1995

## MEMORANDUM OPINION

Appellant Jeffrey J. Prosser has again appealed to this Court for relief from the Territorial Court's Order rejecting appellant's posting of a supersedeas bond. On October 13, 1995, this Court remanded this matter to the Territorial Court "for further statement by the court regarding the court's reasons for lifting the stay, more particularly, for a finding by the trial court as to the manner in which the conditions set forth in the [Territorial] [C]ourt's July 27, 1995 Order Granting a Stay of Judgment have not been met."

Execution on the judgment was stayed pending further action by this Court. As a preliminary matter, we reject appellant's request to convene a three judge panel of the Appellate Division to decide this procedural issue.[1]

The record reveals that Mr. Prosser appealed the Territorial Court's Order dated July 6, 1995 and moved that court for a stay of execution and setting of a nominal supersedeas bond. The court granted the stay "conditioned upon [appellant's] posting of a **cash** bond in the amount of $1,000,000.00 AND a $1,622,809.09 **property** bond within ten days."(emphasis added)[2] Instead of actual cash, appellant posted a surety bond executed by Robert Armstrong of Companion Incorporated.[3] In addition, appellant "promise[d] to the effect that [he would] pay all costs that may be adjudged due and owing . . . in an amount not exceeding . . . $1,632,809.09,"[4] listing personal property owned as 150,000 shares of stock issued by Atlantic Tele-Network, Inc. To satisfy the property bond, appellant filed his personal check made payable to the Territorial Court's Registry in the amount of $10,309.09 on August 7, 1995, but attached only copies of the stock certificates.[5]

■ The Territorial Court "f[ound] that the conditions set forth in the July 27, 1995 Order have not been satisfied" and lifted the stay of execution on August 24, 1995. The matter was referred to this Court and remanded to the Territorial Court as noted above. On October 10, 1995, the Territorial Court explained that the $1,000,000

---

[1] The Chief Judge of the District Court, as presiding judge, is authorized to rule on matters such as are involved in this memorandum opinion. Section 23A(b), Revised Organic Act of 1954. 48 U.S.C. § 1613a(b), *reprinted in* V.I. CODE ANN., Historical Documents, 159-160 (codified as amended) (1995)["Revised Organic Act"].

[2] The July 27th Order recited that the judgment at issue was $2,500,000 plus interest, arising out of the parties' 1990 divorce decree.

[3] *See* Appellant's Notice of Emergency Motion filed August 28, 1995 ["Notice"], Exhibit 'C'.

[4] *See id.*

[5] Appellant promised to retain the stock in an unencumbered condition and to deliver the stock certificates to the Territorial Court's Registry upon further order.

surety bond did not meet the requirement to post a "cash" bond.[6] This Court agrees.

■ Terr. Ct. R. 110, applicable to this divorce proceeding, provides that "[t]he court may require any person. . . against whom a judgment has been rendered to give a cash bond or bond with good and sufficient sureties in such form as the court shall order, to secure the payment of any sum awarded by the court; applying the wording of this rule, "cash" means the deposit of actual cash or its equivalent in a form approved by the court (e.g.- certified check, currency, money order).[7] As noted by the Territorial Court, the purpose of requiring cash was to ensure that sufficient resources will be available to satisfy any judgment awarded to the party who prevailed below if the appeal is unsuccessful. The judge could have permitted the appellant to post a surety bond instead of a cash bond, but he chose not to do so.

■ As the Territorial Court also pointed out, filing copies of the stock certificates and posting a personal uncertified check do not satisfy the property bond. We agree with this observation as well. Lodging of mere copies of stock certificates clearly does not irrevocably transfer control of the property. Even if appellant had posted the original certificates, he would not have satisfied the court's requirement without also posting fully executed stock pledges. Finally, even filing the original certificates with stock pledges or assignments would not have been sufficient, since there is no assurance that the market value of such a publicly traded stock would be sufficient to satisfy the sum required if the appeal fails.

In short, appellant has failed to comply with the Territorial Court's Order dated July 27, 1995. This Court is unable to find any abuse of discretion in either the Territorial Court's order granting

---

[6] A "supersedeas" bond is any form of security, whether in the form of cash, property, or surety bond, which a court may require "of one who petitions to set aside a judgment or execution and from which the other party may be made whole if the action is unsuccessful. BLACK'S LAW DICTIONARY 1289 (5th ed. 1979); *see* FED. R. APP. P. 7 & 8.

[7] This interpretation is consistent with the provisions of another Territorial Court Rule, Terr. Ct. R. 141(c), which again makes clear that a cash bond is different from a surety bond provided by an insurance company, which is merely a promise to pay a certain amount, conditioned on the occurence of certain events.

the stay of execution upon the satisfaction of certain conditions or the August 24th order lifting the stay. Because the Territorial Court is uniquely familiar with the history of this divorce action leading up to July 27, 1995 Order, this Court yields to that court's specifications for a supersedeas bond needed to stay execution of the July 6, 1995 Order.[8] We accordingly would not be inclined to modify those specifications, even if appellant had requested this Court to do so. An appropriate order will be entered.

## ORDER

AND NOW, this 5th day of December, 1995, after careful review of the record and having considered the submissions of the parties; and for the reasons set forth in the Court's accompanying Opinion of even date;

IT IS ORDERED:

THAT appellant's motion for relief from the Territorial Court's Order rejecting appellant's posting of surety bond in lieu of the cash bond in the amount of $1,000,000.00 and conditional stock power of 150,000 shares of stock issued by Atlantic Tele-Network, Inc. and a personal check made payable to the Territorial Court's Registry of $10,309.09 is DENIED; and

THAT the parties shall be prepared to participate in oral argument before this Court on the merits of this appeal on Wednesday, December 20, 1995 at 2:00 p.m.

---

[8]The July 6th Order denied appellant's motion to stay and vacated the writ of execution entered on March 15, 1995.